IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKEY WAYNE TOLBERT, #00600956, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 3:15-CV-2269-L-BK |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div.,[1] | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this action was referred to the United States magistrate judge. Petitioner, a state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that this successive habeas petition be dismissed for lack of jurisdiction.

**I. BACKGROUND**

Petitioner is serving concurrent, 75-year terms of imprisonment for forgery, imposed on October 22, 1991, and 25 years' imprisonment for aggravated sexual assault of a child under the age of 14, imposed on June 2, 2003. *See State v. Tolbert*, No. F91-03160 (283rd Jud. Dist. Ct, Dallas County 1991); *State v. Tolbert*, No. F02-72223 (203rd Jud. Dist. Ct, Dallas County 2003). He unsuccessfully challenged his convictions in state and federal habeas proceedings. *See Tolbert v. Scott*, No. 3:95-CV-1320-R (N.D. Tex. 1997) (forgery); *Tolbert v. Dretke*, No. 3:04-CV-1709-L (N.D. Tex. 2005) (aggravated sexual assault). His subsequent petition, claiming a

---

[1] In May 2016, Lorie Davis succeeded William Stephens as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d) of the Federal Rules of Civil Procedure, Davis was "automatically substituted as a party."

liberty interest in being released on mandatory supervision (because his second conviction was being served concurrently) was dismissed without prejudice as successive and, alternatively, with prejudice as time barred and meritless. *See Tolbert v. Quarterman*, No. 3-07-CV-1285-M (N.D. Tex. 2008).

In this action, Petitioner again challenges his eligibility for parole and mandatory supervision. Doc. 3 at 6-7. Specifically, he claims that because his sentence for aggravated sexual assault of a child was ordered to be served concurrently with his sentence for forgery, only his 1991 forgery offense should be taken into account in calculating his parole and mandatory supervision eligibility dates. *Id.* Petitioner contends that by calculating his convictions separately, the Texas Department of Criminal Justice (TDCJ) and "State Classification" have altered his plea and sentencing orders in violation of the Due Process Clause and "Separation of Power Doctrine." *Id.* He also maintains that TDCJ and "State Classification" refuse to disclose policies and regulations to keep him incarcerated longer and benefit from his uncompensated labor. *Id.* at 7.

Respondent argues the petition is successive and, alternatively, time barred. Doc. 16 at 4, 9-10. Petitioner has filed a reply and a supplemental reply. Doc. 19; Doc. 18.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). If the petitioner alleges newly discovered evidence, he must also show "that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." Section 2244(b)(2)(B).

Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

Although Petitioner ostensibly challenges his mandatory supervision eligibility, rather than directly challenging his convictions, his petition is nonetheless successive. Whether or not he did, Petitioner <u>could have</u> discovered the factual basis for his mandatory supervision eligibility, due process, and separation of powers claims before he filed his first habeas petition in 2004 challenging his aggravated assault conviction. See 28 U.S.C. § 2244(b)(2)(B); *Crone v. Cockrell*, 324 F.3d 323 (5th Cir. 2003) (holding that a petition challenging a denial of time credits was successive because the time credit claim was available to the petitioner when he filed a previous federal petition challenging his conviction); *cf. In re Cain,* 137 F.3d 234, 235 (5th Cir. 1998) (concluding that a prisoner's challenge to a disciplinary proceeding was not successive because it occurred after the resolution of his first § 2254 application challenging the underlying conviction).

Moreover, the United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Because Petitioner must obtain such an order before he can file a successive application, the present petition should be dismissed without prejudice for want of jurisdiction.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the successive habeas petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction because Petitioner has not obtained authorization to file a successive habeas petition from the United States Court of Appeals for the Fifth Circuit. See 28 U.S.C. § 2244(b)(1) and (3).

**SIGNED** July 22, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE